IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION No. 2:20-CV-0038 (WOB-EBA)

MELISSA SMITH                                              PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

FEDEX GROUND PACKAGE
SYSTEM INC.                                                DEFENDANT

This is a lawsuit filed by Melissa Smith (Smith) against FedEx Ground Package System Inc. (FedEx), her former employer. (Doc. 1). Smith is suing FedEx for wrongful discharge in violation of the Kentucky Civil Rights Act ("KCRA") and intentional infliction of emotional distress. *Id*.

FedEx now moves for dismissal of Smith's claims or, in the alternative, for summary judgment. (Doc. 28).

The Court has reviewed this matter and concludes that oral argument is unnecessary.

*Factual and Procedural Background*

Smith's employment at FedEx was terminated on or about May 18, 2018 after FedEx determined that Smith had been abusing prescription medication while at work. (Doc. 1-2).

Smith brought this action in Kenton County Circuit Court against FedEx for wrongful discharge in violation of the Kentucky

Civil Rights Act ("KCRA") and intentional infliction of emotional distress. (Doc. 1). On March 17, 2020, FedEx removed the case to this Court based on diversity of citizenship. (Doc. 1).

On December 14, 2020, FedEx filed a Notice of Service of Defendant's First Set of Interrogatories, Request for Admissions, and Requests for Production of Documents on Smith's counsel. (Doc. 16). When Smith failed to respond to this written discovery by the due date, FedEx filed a motion to compel. (Doc. 17).

The assigned United States Magistrate Judge held a telephone conference on the matter on March 24, 2021. (Doc. 21). Smith's counsel did not attend. (*Id.*). The Court granted FedEx's motion to compel and ordered Smith's counsel to show cause for his failure to appear at the conference. (*Id.*).

Smith's counsel then requested, and was granted, an extension of time until April 6, 2021 to respond to FedEx's discovery responses. (Docs. 22, 23). He then filed an affidavit stating that he had failed to appear at the telephone conference because he forgot to put it on his calendar and that his client was "failing to respond and keep in contact and assist my office in preparing her discovery response[s]." (Doc. 24 ¶ 5).

Shortly thereafter, Smith's counsel filed a motion to withdraw on the grounds that he had been unable to contact his client and thus could not move the case forward. (Doc. 26). The Magistrate Judge denied that motion without prejudice. (Doc. 27).

2

FedEx then filed the motion to dismiss for failure to prosecute or, in the alternative, for summary judgment that is now before the Court.

## *Analysis[1]*

Federal Rule of Civil Procedure 41(b) gives district courts the authority to dismiss sua sponte actions for failure to prosecute. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).

Courts consider four factors when determining whether dismissal for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter*, 723 F. 3d at 704.

### 1. Willfulness, Bad Faith, or Fault

The first factor - whether the party's failure is due to willfulness, bad faith, or fault - requires "a clear record of

---

[1] Because the Court concludes that this case should be dismissed for failure to prosecute, it need not reach FedEx's alternative motion for summary judgment.

3

delay or contumacious conduct." *Id.* (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). The plaintiff's "conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id.* at 705 (internal quotations and citations omitted).

Here, Smith has failed to respond to discovery requests served over a year and a half ago, and she is in violation of the Court's order compelling such responses. Smith's counsel has made it clear that his client has failed to respond to his repeated attempts to keep in contact and has thus refused to assist in fulfilling her discovery obligations. This factor thus weighs heavily in favor of dismissal.

**2. Prejudice**

The second factor to examine is whether defendants have been prejudiced by Smith's conduct. A defendant is prejudiced when they are "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 707.

Since this case was removed to this Court, FedEx has continued expending resources in an attempt to defend against the action, including filing a substantial motion for summary judgment. (Doc. 28). Further, FedEx has filed other motions (Doc. 14, 17) and attended conferences with this Court.

4

This factor thus also weighs heavily in favor of dismissal.

### 3. Fair Warning

The third factor to consider is whether the dismissed party was warned that failure to cooperate could lead to dismissal. *Id.* at 708.

While the Court has not provided notice that Smith's failure to prosecute could lead to dismissal, a lesser sanction is not required where the derelict party has engaged in "bad faith or contumacious conduct." *Harris v. Callwood*, 844 F.2d 1254, 1256.

By failing to maintain contact with her attorney so that he might pursue her claims in accord with the Federal Rules of Civil Procedure, Smith has displayed a reckless disregard for the effect of her conduct on the efficient disposition of this Court's docket, which in turn implicates the waste of taxpayers' money.

This factor thus also weighs in favor of dismissal.

### 4. Alternative Sanctions

Given Smith's apparent disinterest in participating in the pretrial process and complying with court orders, the Court finds that dismissal, rather than an alternative sanction, is the most appropriate disposition.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendant's motion to dismiss (Doc. 28)

5

be, and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 30th day of September 2021.

